**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE:

TONY DALE HAFLEY and  CASE NO. 09-51244
NANCY L. HAFLEY

DEBTOR(S)

DAVID FIGUEREDO  PLAINTIFF

VS.  ADV. NO. 09-05100

TONY DALE HAFLEY  DEFENDANT

**MEMORANDUM OPINION**

The issue before the Court is whether a debt owed by the Debtor Tony Dale Hafley to the Plaintiff David Figueredo pursuant to a state court judgment entered by the Fayette Circuit Court as a discovery sanction is excepted from discharge based on 11 U.S.C. §§ 523(a)(2) and 523(a)(4). The Plaintiff relies on the judgment and state court record and argues that collateral estoppel applies. Under Kentucky law, the Debtor is not collaterally estopped from denying fraud and defalcation and the Plaintiff's reliance on the state court judgment and record as evidence of the Debtor's fraudulent conduct and defalcation is not sufficient to meet his burden of proof. Because the Plaintiff is unable to meet his burden of proof, the debt is dischargeable.

**Findings of Fact**

The underlying dispute revolves around an oral agreement involving the purchase of an auto repair garage in 2003. According to the Plaintiff, on or about June 3, 2003, the parties entered into a verbal agreement to form a business for profit for the intended purpose of purchasing an existing alignment and brake repair business from James Burus. The Plaintiff

1

alleges that on or about June 3, 2003, he and the Debtor traveled to a mechanic shop and purchased equipment for the business. The Plaintiff claims that in the following 3 months, from June 2003 until August 2003, he spent a total of $32,733.68 to lease the space from Mr. Burus and purchase equipment for the business. Shortly after purchasing this equipment and expending the funds for the lease, the Plaintiff alleges that he requested partnership documents and an accounting, to which the Debtor refused. The Plaintiff alleges that thereafter the Debtor took exclusive possession of the premises.

On October 29, 2003, the Plaintiff filed a Verified Complaint in Fayette Circuit Court alleging a breach of fiduciary duty. The Plaintiff requested (1) a declaration that an enforceable partnership existed; (2) that the Court find the Debtor in breach of his fiduciary duty; (3) for a formal accounting and appraisal of the partnership; (4) judicial dissolution of the partnership; (5) a judgment for the value of the Plaintiff's contributions to the partnership; (6) an award for half the current market value of the appraisal of the partnership; and (7) attorneys fees, expenses and costs.  The Plaintiff attached to the Verified Complaint copies of checks, credit card statements, and receipts as evidence of the funds expended.

On December 19, 2003, the Debtor, represented by counsel, filed an Answer denying the allegations by the Plaintiff. The Debtor denied that a partnership had been formed and described the relationship as one in which he agreed to allow the Plaintiff to locate an alignment rack at his business. According to the Debtor, his responsibility was to teach the Plaintiff how to use the alignment rack so that the Plaintiff could use the alignment equipment at the Debtor's garage and receive a percentage of business from the jobs that used his equipment.  The Debtor alleges, he, and not the Plaintiff, paid all the funds for the purchase of the auto repair garage business.  The Debtor further defends that once the alignment rack was delivered, the Plaintiff showed no interest in learning how to use the alignment rack and did not return to pick up the alignment rack and tools he purchased, leaving the Debtor responsible for the remaining

$1,200.00 owed on the alignment rack. The Debtor denies that any of the monies expended were for the "partnership" at all and counterclaimed for the $1,200.00 owed to him.

The state court record[1] reveals that on August 2, 2004, the Plaintiff served discovery on the Debtor, to which the Debtor failed to respond. The Plaintiff filed a Motion to Compel on or about January 25, 2005. The Debtor responded but shortly after a hearing on the Motion to Compel, the Debtor's attorney moved to withdraw as the Debtor's counsel on February 17, 2006. The state court twice ordered the Debtor to produce the documents. The Debtor failed to comply with both orders. Finally, on April 6, 2006, the Plaintiff moved for sanctions for failure to comply with the state court's orders. On April 10, 2006, the Court allowed the Debtor's counsel to withdraw and on May 31, 2006, the state court issued the following findings of fact and conclusions of law as a discovery sanction pursuant to Ky. R. Civ. P. 37(2)(c):

(A)  The Plaintiff and Debtor formed a partnership to operate a vehicle repair business in which each has a 50% ownership interest;

(B)  The Plaintiff contributed $32,733.68 of his own funds to start the business partnership;

(C)  The Debtor, as a partner, owed a fiduciary duty to the Plaintiff and violated that fiduciary duty thereby financially damaging the Plaintiff;

(D)  The Debtor breached his duty to provide an accounting of the business profits and losses and the Plaintiff is entitled to his pro rata portion of the profits in an amount equal to the greater of one half the profits or an amount equal to all the sums paid or otherwise withdrawn from the business by the Debtor;

(E)  The Debtor ceased operating the business and liquidated the assets of the

---

[1] The state court record consists of (1) a Complaint dated 10/29/03; (2) a Civil Summons dated 11/18/03; (3) an Answer dated 12/19/03; (4) Plaintiffs' First Set of Interrogatories and Requests for Production of Documents dated 8/2/04; (5) Re-Notice of Motion to Compel Production of Documents dated 1/25/05; (6) a Verified Response to Plaintiff's Motion to Compel dated 2/10/05; (7) a 2/11/05 tape recording of the Motion to Compel; (8) a Motion to Withdraw As Counsel dated 2/17/06; (9) an Order Compelling Production of Documents dated 2/27/06; (10) an Order Compelling Production of Documents dated 3/1/06; (11) Plaintiff's Motion for Sanctions dated 4/6/06; (12) an Order Allowing Counsel to Withdraw dated 4/10/06; (13) an Order Awarding Sanctions dated 5/2/06 (stricken); (14) an Order Setting Aside Judgment dated 5/31/06 and (15) an Order Awarding Sanctions and Judgment dated 5/31/06.

     business, keeping the sale proceeds for himself and has failed and refused to distribute to the Plaintiff his 50% share;

 (F) Due to the failure of the Debtor to respond to discovery, an appropriate sanction is an award estimating the value of the Plaintiff's interest in the business, or $20,000, plus $5,161.00 for attorneys fees and costs, in addition to the funds expended by the Plaintiff in starting up the business, all with interest at the judgment rate until the sums are paid in full.

The judgment was not appealed.

 On April 21, 2009, the Debtor filed for relief under Chapter 7 of the bankruptcy code (Case No. 09-51244). The Debtor listed the Plaintiff on Schedule F as an unsecured creditor. The Plaintiff did not file a proof of claim. On July 29, 2009, the Plaintiff filed this adversary proceeding seeking an order from the Court that the $57,894.68 debt based on the state court judgment is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and 523(a)(4). The Plaintiff attached the findings of fact and conclusions of law of the state court to his Complaint.

 The Debtor answered the Complaint as a *pro se* Defendant. In his answer, the Debtor attached receipts for the payments he made for the business. He further alleged that the $5,000.00 check written to Mr. Burus by the Plaintiff was not cashed and Mr. Burus allegedly never received $11,000.00 of the funds from the Plaintiff as alleged, a fact he supports by a statement signed and dated by Mr. Burus. The Debtor admits some of the tools were purchased, but alleges they were for the Plaintiff's own use.

 The Plaintiff requested that this matter be submitted on the underlying state court record and judgment [Doc. 24] and the Court granted the Plaintiff's request [Doc. 26]. The Plaintiff has submitted the state court record for consideration [Docs. 8 and 27], as well as a memorandum in support of his request for judgment based on the state court record [Doc. 29]. The Plaintiff relies on the state court judgment and record as evidence of the Debtor's fraudulent conduct and defalcation and argues that the Debtor is collaterally estopped from denying its conclusions. The Debtor has filed a response [Doc. 34] denying his liability to which the Plaintiff has replied

[Doc. 35]. The Court has taken this matter under submission and issues the following conclusions of law.

## Conclusions of Law

### A.    11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4)

The Plaintiff asserts that the debt owed to him should be excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4). 11 U.S.C. § 523(a)(2)(A) states "a discharge under section 727...of this title does not discharge an individual debtor from any debt –

>   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by –
>
>>   (A)  false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition...

11 U.S.C. § 523(a)(2)(A) (2010). To prevail under section 523(a)(2)(A), the Plaintiff must prove: (1) the Debtor obtained money through a material misrepresentation that at the time, the Debtor knew was false or made with gross recklessness as to its truth; (2) the Debtor intended to deceive the Plaintiff; (3) the Plaintiff justifiably relied on the false representation; and (4) the Plaintiff's reliance was the approximate cause of its loss. *See Rembert v. AT&T Universal Card Services (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998). The Plaintiff must prove each of these elements by a preponderance of the evidence. *Id.* Further, exceptions to discharge are to be strictly construed against the creditor. *Id.*

Similarly, 11 U.S.C. § 523(a)(4) states "a discharge under section 727...of this title does not discharge an individual debtor from any debt –

>   (4)    for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny...

A debt is nondischargeable as a defalcation when the preponderance of the evidence establishes (1) a pre-existing fiduciary relationship; (2) a breach of that fiduciary relationship;

and (3) a resulting loss. *See Board of Trustees of the Ohio Carpenters' Pension Fund on Behalf of the Ohio Carpenters' Pension Fund v. Bucci (In re Bucci)*, 493 F.3d 635, 639 (6th Cir. 2007).

**B.    Collateral Estoppel**

Collateral estoppel may apply in non-dischargeability actions.  *Grogan v. Garner*, 498 U.S. 279 (1991). A bankruptcy court must look to the law of the state which rendered the judgment to determine whether collateral estoppel applies to the state court judgment. *Bay Area Factors, Inc. v. Calvert (In re Calvert)*, 105 F.3d 315, 317 (6th Cir. 1997).

In Kentucky, collateral estoppel requires four elements: (1) the issue in the second case must be the same as the issue in the first case, and then the issue must have been (2) actually litigated, (3) actually decided, and (4) necessary to the court's judgment. *See Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 374 (Ky. 2010).  *See also Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981) (holding collateral estoppel requires that precise issue in the later proceedings to have been raised in the prior proceeding, the issue to have been actually litigated and that the determination was necessary to the outcome.).

The Plaintiff argues that the underlying fraud and defalcation issues were actually litigated in the state court because the Debtor, represented by counsel, had ample opportunity to defend himself and did not. As a result, a judgment was entered against him as a discovery sanction pursuant to Ky. R. Civ. P. 37.

Dismissal of a case as a discovery sanction is a default judgment under Kentucky law. *Greathouse v. American Nat. Bank and Trust Co.*, 7796 S.W.2d 868 (Ky. App. 1990).  A default judgment is not a judgment on the merits. *See Five Star Lodging, Inc. v. George Construction, LLC*, 2010 Ky. App. LEXIS 141 (Ky. App. July 30, 2010) (to be published) (holding a default judgment is not a judgment on the merits). *See also Buis v. Elliott*, 142 S.W.3d 137 (Ky. 2004) (holding that the dismissal of a cross-claim by a defendant based on a default judgment did not constitute a previous adjudication on the merits); *BTC Leasing, Inc. v. Martin*, 685 S.W.2d 191,

6

197-198 (Ky. App. 1984) (declining to apply res judicata to a default judgment and questioning whether a default judgment is a judgment sufficient "on the merits").  Because a default judgment is not a judgment on the merits, the issues of fraud and defalcation were not "actually litigated" as required by Kentucky law and collateral estoppel may not apply.

The state court judgment was entered early in the lawsuit because the Debtor failed to respond to discovery.  While the Debtor's filing of an answer and a two page response to the motion to compel may constitute participating in the lawsuit, it does not rise to the level of "substantially participating" to the degree necessary to give the judgment preclusive effect. The fact that the Debtor was initially represented by counsel is not persuasive where counsel asked to withdraw shortly after the motion to compel and withdrew immediately prior to entry of the judgment, leaving the Debtor *pro se.*

Further, the state court record has no evidence in the record beyond the Plaintiff's accusations. While the Plaintiff has attached copies of checks, credit card statements, and receipts as evidence of the amounts spent, this is not evidence of fraud or defalcation.  There was no evidentiary hearing held in the underlying state court action and the findings of fact and conclusions of law entered by the Fayette Circuit Court were clearly prepared by the Plaintiff to mirror his accusations and signed by the state court a month following the withdrawal of the Debtor's counsel.

The state court judgment is a default judgment that is not a judgment on the merits and the issues of fraud and defalcation have not been fully adjudicated.  There is no further evidence in the record to support the Plaintiff's claims.  The Plaintiff has not met his burden of proof and the debt owed by the Debtor to the Plaintiff should be discharged.

## **Conclusion**

The foregoing constitutes the Court's Findings of Fact and Conclusions of Law.  A separate order shall be entered accordingly.

Copies to:

John E. Davis, Esq.
Tony Dale Hafley, via U.S. mail

8

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joe Lee*
**Bankruptcy Judge
Dated: Monday, December 06, 2010
(dkf)**